IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 4:04-cr-34-RH-AK

MICHAEL LEVON HILLS,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Doc. 95, Amended Motion to Vacate under 28 U.S.C. § 2255, by Michael Levon Hills.[1] The Government has filed its response, Doc. 103, and Defendant has filed a reply. Doc. 104. This cause is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the motion to vacate be denied.

**BACKGROUND**

Defendant was convicted by a jury of conspiracy to distribute and to possess with intent to distribute more than 5 grams of crack cocaine and of possession with intent to distribute more than 5 grams of crack cocaine. He was sentenced to 120 months on each count to run concurrently.

Defendant appealed, arguing that the evidence was insufficient to support the verdicts and that his sentence must be vacated because the Court used a prior conviction to enhance his

---

[1] This cause was administratively reassigned to the undersigned on September 7, 2007.

sentence which was not pled in the indictment. Doc. 89. The Eleventh Circuit rejected these arguments and affirmed. *Id*.

The instant amended motion to vacate followed. On this occasion, Defendant raises the following claims: (1) failure of counsel to establish jurisdiction, (2) failure of counsel "to establish jurisdiction over the personal," (3) failure of counsel to establish "proper venue," (4) failure of counsel "to object to insufficiency of process," and (5) conflict of interest and failure of counsel "to object to insufficiency of service of process." Doc. 95. Each claim will be addressed in turn.

## **DISCUSSION**

    1.    Failure to establish jurisdiction.

In this claim, Defendant argues that counsel was ineffective for failing to establish that this Court had subject matter jurisdiction over the criminal proceedings. This Court has original jurisdiction of "all offenses against the laws of the United States." 18 U.S.C. § 3231. "[I]llegal possession and sale of drugs affects interstate commerce, and Congress accordingly has authority under the Commerce Clause to criminalize and punish drug-related activity." *United States v. Jackson*, 111 F.3d 101, 102 (11th Cir. 1997). This constitutional authority includes Congress' right to make it a crime to "conspire or agree with someone else to do something which, if actually carried out, would be a violation of" 21 U.S.C. § 841. Offense Instructions 87, *Eleventh Circuit Pattern Jury Instructions–Criminal* (2003).

This claim is without merit. This Court had subject matter jurisdiction over this case, and counsel is never required to raise patently frivolous issues for the Court's consideration.

    2.    Failure to"to establish jurisdiction over the personal."

In this claim, Defendant charges that counsel acted ineffectively when he failed to challenge the Court's personal jurisdiction over him. According to Defendant, "Michael Levon Hills" is a "misnomer," as his correct name is "Michael-Levon: Hills." An error in spelling a defendant's name does not automatically mean that the Court lacks personal jurisdiction over him, and a challenge by counsel on that ground would have likewise been patently frivolous, as Defendant does not deny his identity.

3. Failure to establish "proper venue."

This claim is gibberish, but to the extent that Defendant challenges the Northern District of Florida as the proper venue for prosecution of this case, he is in error, and counsel had no grounds to assert such a challenge. *See* 28 U.S.C. § 89(a) (Leon County and Jefferson County, Florida, are within Northern District of Florida).

4. Failure "to object to insufficiency of process."

Insufficiency of process is a term used in civil, not criminal, proceedings. *See* Fed. R. Civ. P. 12(b)(4). Furthermore, this claim, charging counsel with, for example, failure to establish that the United States is a "corporate franchise," is likewise indecipherable but appears to be a repetition of the previous claims, none of which have merit. Counsel was therefore not ineffective in failing to raise this issue.

5. Conflict of interest and failure "to object to insufficiency of service of process."

Again, insufficiency of service of process is a term used in civil, not criminal, litigation. *See* Fed. R. Civ. P. 12(b)(5). This claim is patently frivolous and makes no sense whatsoever. Defendant's suggestion that counsel is not a member of the Florida Bar is without basis, and the other questions set forth in his reply hardly suffice to impugn counsel's interest in representing

Defendant to the best of his ability or to raise even a specter that an evidentiary hearing might be necessary.

## CONCLUSION

Having carefully considered the matter, the Court finds that counsel's decisions in this case did not violate *Strickland*, and thus, Defendant did not receive ineffective assistance of counsel. In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's amended motion to vacate, Doc. 95, be **DENIED.**

**IN CHAMBERS** at Gainesville, Florida, this *8th* day of April, 2008.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

*Case No: 4:04-cr-00034-RH-AK*